**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ELPIDIO ENRIQUEZ,

    Petitioner,

-vs-                                      Case No.  8:02-CR-370-T-30MSS
                                                     8:05-CV-94-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER**

This cause is before the Court on Petitioner's Motion for Reconsideration of Petitioner's Motion 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (CV Dkt. 11). The Court entered its decision denying Petitioner's § 2255 motion on July 13, 2005, (CV Dkt. 9). Petitioner fails to cite any legal authority for his request that the Court reconsider its decision denying his § 2255 motion. Since Petitioner's motion was executed on July 31, 2005, it must be considered pursuant to Fed. R. Civ. P. 60(b).

Having reviewed the motion, the Court concludes that consideration thereof is not barred by the Supreme Court's holding in *Gonzalez v. Crosby*, \_\_ U.S. \_\_, 125 S.Ct. 2641, 2648 (2005) (finding that a motion for relief from judgment challenging only the district court's prior ruling that a habeas petition was time-barred was not the equivalent of a second or successive habeas petition).

The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. "It should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g.*

*Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.") Motions under this rule are directed to the sound discretion of the district court. *Id.*

Petitioner asserts that he is entitled to equitable tolling of the one-year limitation period applicable to § 2255 motions because he submitted the motion prior to the expiration of the limitation period, albeit to the wrong court.[1]  In support of this argument, Petitioner cites Fed. R. App. P. 4(d)[2] ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.").  These proceedings are governed by the Rules Governing Section 2255 Proceedings (2005).  Moreover, the Federal Rules of Appellate Procedure are "prescribed . . . to govern the procedure in appeals to the United States courts of appeals from the United States district courts."  Order of the Supreme Court of the United States Adopting and Amending Rules, ¶ 1 (Dec. 4, 1967). Petitioner does not cite, and the Court is unaware of any rule which required the Supreme Court to follow the procedures set forth in Rule 4(d), Fed. R. App. P.  *See* Rules of the Supreme Court of the United States (1999).

---

[1] The § 2255 motion (CV Dkt. 1) and the Request for Mandatory Judicial Notice attached thereto were executed on December 6, 2004 (CV Dkt. 2).  Petitioner mailed the documents to the United States Supreme Court, where they were received on December 14, 2004 (CV Dkt. 2).  The documents were returned to Petitioner, and he mailed them to this Court on January 18, 2005. See CV Dkt. 1, envelope attached thereto. Given the circumstances, the Court considers Petitioner's § 2255 motion filed on the date it was postmarked.

[2] Petitioner cites Fed. R. App. P. 4(b), but quotes subsection (d) in his motion (CV Dkt. 11 at 2-3).

To be entitled to equitable tolling, a petitioner must demonstrate that extraordinary circumstances beyond his control and unavoidable with due diligence prevented him from timely filing his § 2255 motion. Petitioner cannot successfully contend that the mistake he made in mailing his petition to the wrong court meets this criteria. Petitioner's lack of diligence in mailing his petition resulted in the delay in placing his motion before this Court before the limitations period expired.

Having reviewed the arguments presented in Petitioner's motion, the Court finds that he presents no factual or legal basis for the Court to reconsider its order finding that his § 2255 motion is barred by the one-year limitations period.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion for Reconsideration of Petitioner's Motion 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (CV Dkt. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 31, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Parties of Record

SA:jsh